# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES--GENERAL

Case No.  **SACV 11-0905-AG (RNBx)**               Date: **January 18, 2013**

Title: **Erin Wise v. Bank of America, N.A.**

## DOCKET ENTRY

PRESENT:

### HON. ROBERT N. BLOCK, UNITED STATES MAGISTRATE JUDGE

|  Kerri Hays |  n/a  |
|---|---|
| Deputy Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFFS:          ATTORNEYS PRESENT FOR DEFENDANTS:
   None present                                                            None present

**PROCEEDINGS:  (IN CHAMBERS)**

The parties are advised that their proposed "Stipulated Protective Order" has been referred to the Magistrate Judge for consideration, and that the Magistrate Judge declines to approve or issue it for the following reasons:

     1.    The parties have not made a sufficient showing of good cause for the entry of a protective order, as required by Fed. R. Civ. P. 26(c). Such showing should be made separate from the parties' stipulation regarding the terms of the proposed protective order.

     2.    Proposed ¶ 1 does not define with sufficient particularity what material may properly be designated as "Confidential."  As currently framed, the first sentence of that paragraph appears to afford a producing party the unfettered discretion to designate any and all material as "Confidential."

     3.    While the Court is willing to enter a protective order in accordance with the parties' stipulation in order to facilitate the conduct of discovery, the Court is unwilling to include in the protective order any provisions relating to evidence presented at court hearings or proceedings. That is a matter that the parties will need to take up with the judicial officer conducting the proceeding at the appropriate time.  Accordingly, proposed ¶ 3 needs to be revised to make clear that it only applies to deposition testimony.

     4.    In lieu of proposed ¶ 5, the protective order should merely provide:

*In accordance with Local Rule 79-5.1, if any papers to be*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES--GENERAL**

Case No.: SACV 11-0905-AG (RNBx)                              **January 18, 2013**
<u>**Erin Wise v. Bank of America, N.A.**</u>                              **Page 2**

----------------------------------------------------------------------------------------------------------------------

> *filed with the Court contain information and/or documents that have been designated as "Confidential," the proposed filing shall be accompanied by an application to file the papers or the portion thereof containing the designated information or documents (if such portion is segregable) under seal; and the application shall be directed to the judge to whom the papers are directed.  For motions, the parties shall publicly file a redacted version of the motion and supporting papers.*

Further, the parties are forewarned that neither the fact that counsel have stipulated to an under seal filing nor the fact that a proposed filing contains information or documents that one of the parties elected to designate as "Confidential" in accordance with the terms of the protective order is sufficient in itself for the Court to find that good cause exists to file the papers or the portion containing the designated information or documents under seal.  At the very least, the parties will need to convince the Court in their application that protection clearly is warranted for the designated information or documents and that the standard for a nonpublic filing is met.  For declarations with exhibits, this means making the requisite showing on an exhibit by exhibit basis. Moreover, if the sealing application relates to a dispositive motion, a "good cause" showing under Federal Rule 26(c) will not suffice.  Rather, the parties will need to show that "compelling reasons" support secrecy. <u>See</u> <u>Kamakana v. City and County of Honolulu</u>, 447 F.3d 1172, 1178-81 (9th Cir. 2006); <u>Foltz v. State Farm Mut. Auto. Ins. Co.</u>, 331 F.3d 1122, 1136 (9th Cir. 2003).

     5.    Proposed ¶ 6(a) is unacceptable to the Court and must be eliminated.  The retention of court records is governed by court policy and not a proper subject of a protective order.

     6.    Proposed ¶ 7 needs to be revised to make clear that any motion challenging a designation will need to be made in strict compliance with Local Rules 37-1 and 37-2 (including the Joint Stipulation requirement).

MINUTES FORM 11                                              Initials of Deputy Clerk      klh
CIVIL-GEN

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES--GENERAL**

Case No.: SACV 11-0905-AG (RNBx)                    **January 18, 2013**
**Erin Wise v. Bank of America, N.A.**                              **Page 3**

-----------------------------------------------------------------------------------------------------------------------------

        7.     The following provision needs to be added as ¶ 9(g): "Nothing contained herein is intended or should be construed as authorizing a party in this action to disobey a lawful subpoena issued in another action."

        8.     An "IT IS SO ORDERED" signature block for the Magistrate Judge needs to be added following counsel's signatures on the last page.


cc:    Judge Guilford


MINUTES FORM 11                                        Initials of Deputy Clerk      klh
CIVIL-GEN