1  KATHLEEN M. HARTMAN, Esq. (SBN 219934)
   **CALLAHAN, THOMPSON, SHERMAN**
2   **& CAUDILL, LLP**
   2601 Main Street, Suite 800
3  Irvine, California 92614
   Tel:   (949) 261-2872
4  Fax:   (949) 261-6060
   Email:      khartman@ctsclaw.com
5
   Attorneys for Plaintiff,
6  **ERIN WISE**

7

8              **UNITED STATES DISTRICT COURT**

9              **CENTRAL DISTRICT OF CALIFORNIA**

10                    **SOUTHERN DIVISION**

11

| 12 | ERIN WISE, an individual, | Case No.: SACV 11-00905 AG (RNBx) |
|---|---|---|
| 13 |  | JUDGE: ANDREW GUILFORD |
|  | Plaintiff, | DEPARTMENT: 10D |
| 14 |  | COMPLAINT DATE: 01/18/11 |
| 15 | vs. | **ORDER RE:** |
|  |  | **STIPULATED PROTECTIVE** |
| 16 | BANK OF AMERICA, NATIONAL | **ORDER** |
|  | ASSOCIATION and DOES 1 – 25, |  |
| 17 | inclusive, |  |
| 18 |  | DISCOVERY CUT OFF:   03/11/13 |
|  | Defendants. | FPC DATE:            05/20/13 |
| 19 |  | TRIAL DATE:          06/11/13 |

20

21

22

23

24

25

26

27

28

WHEREAS, Plaintiff Erin Wise ("Plaintiff") and Defendant Bank of America, N.A. ("Defendant") have demanded the production of documents from one another, of which some documents contain private information, including private information of certain persons who are not a party to this lawsuit. This private information includes, but is not limited to, contact information, medical history, job history, and salary information;

WHEREAS, the parties have demanded the production of documents from one another, of which some documents contain trade secrets or other proprietary information of Defendant;

WHEREAS, in order to comply with their discovery obligations and promote the administration of justice, the parties desire to produce these materials with sufficient protection that the private and proprietary information of the parties and others are not disclosed to the general public.

THEREFORE, subject to the approval of this Court, the parties hereby agree and stipulate to the entry of a Protective Order containing the following terms:

**1. Scope of Protective Order**

In connection with discovery proceedings in this action, the parties may designate any document, thing, material, testimony or other information derived therefrom, as "confidential" if the information constitutes the proprietary information and/or trade secrets of any party or nonparty, or information that would be protected by the right of privacy afforded under federal and state Constitutions and laws.

**2. Procedure for Designating Documents "Confidential"**

Confidential documents shall be so designated by stamping the relevant pages of the document produced to a party with the legend "CONFIDENTIAL."

**3. Procedure for Designating Testimony "Confidential"**

Testimony taken at a deposition may be designated as confidential by making a statement to that effect on the record at the deposition. Arrangements

shall be made with the court reporter taking and transcribing such proceeding to separately bind such portions of the transcript containing information designated as confidential, and to label such portions appropriately.

**4.     Disclosure of Confidential Information**

The information encompassed by this Protective Order is considered Confidential.  Unless the Court rules otherwise, such information shall not be disclosed to any person other than (a) counsel of record to any party to this Order; (b) the legal, clerical, paralegal, or other staff of such counsel to this action employed during the pendency of this litigation; (c) the Parties to this action, so long as disclosure is reasonably necessary for purposes of this litigation and the parties agree to comply with and be bound by the terms of this Order; (d) persons retained by either party to this Order to furnish expert services or advice or to give expert testimony in this action (and their employees) but only to the extent that the person requires the information to form an opinion; (e) trial witnesses and court reporters in this action; (f) deponents, but only so long as the disclosure is reasonably necessary for purposes of this litigation; and (g) the Court, Court personnel and jurors.

Persons under subsections (d) and (f) who receive Confidential information will sign the acknowledgement listed as Attachment A and affirm that he or she understands the information is confidential and that it cannot be disclosed to third persons.

**5.     Submission of Confidential Documents to the Court**

In accordance with Local Rule 79-5.1, if any papers to be filed with the Court contain information and/or documents that have been designated as "Confidential," the proposed filing shall be accompanied by an application to file the papers or the portion thereof containing the designated information or documents (if such portion is segregable) under seal; and the application shall be

directed to the judge to whom the papers are directed. For motions, the parties shall publicly file a redacted version of the motion and supporting papers.

**6.     Handling of Confidential Documents at the Conclusion of the Litigation**

Within 60 days after the conclusion of the case, the Party that initially marked a document as Confidential may request the return of the document from any other party. Within 30 days after receipt of such a request, the Party in possession of the Confidential document must make available the document for return. The Party requesting return of Confidential documents is responsible for the expenses incurred in securing the return (i.e. postage, carrier fees, delivery costs.)

**7.     Challenging a Designation of a Document as Confidential**

The Party that designates a document as Confidential has the burden of demonstrating that the document is actually Confidential if the designation is challenged. Within 30 days after receipt of a document marked Confidential, the receiving Party must contact the designating Party and meet and confer in good faith as to why the document is not Confidential. If the dispute cannot be resolved within five (5) business days after notification of the dispute over the Confidential designation of a document, the Party designating the document as Confidential has five (5) additional business days to seek an order from the Court designating the document as Confidential. The prevailing party on any such motion or application for an order designating a document as Confidential shall be entitled to reasonable attorney's fees if the losing party did not act with substantial justification. Such motion or application must be made in strict compliance with Local Rules 37-1 and 37-2.

**8.     Relation to other Court or Local Rules**

This Protective Order does not abrogate any Parties' duty to follow court rules regarding the submission of confidential information to the court.

Specifically, the parties must comply with Local Rule 79-5 et seq.  Furthermore, this Protective Order does not change, amend, or circumvent any court rule or local rule.

**9.    Other Provisions**

(a)    The provisions of this Protective Order shall survive the final termination of this action.

(b)    Any material subject to this Protective Order, and which is otherwise admissible, may be used at trial.

(c)    Nothing contained in this Protective Order, nor any action taken in compliance with it, shall operate as an admission or assertion by any witness or person or entity that any particular document or information provided is or is not admissible as part of the litigation of this action.

(d)    Any party to this Protective Order may request the Court to grant relief from any provision of this Protective Order.

(e)    The Court may modify this Protective Order at any time for good cause, in the interest of justice, or on its own order at any time during these proceedings.

(f)    Nothing herein constitutes or may be interpreted as a waiver by any party of the attorney-client privilege, attorney work product protection, or any other privilege.

///

///

///

1  **(g)** Nothing contained herein is intended or should be construed as
2  authorizing a party in this action to disobey a lawful subpoena issued in another
3  action.

5  DATED: January 22, 2013     **CALLAHAN, THOMPSON, SHERMAN & CAUDILL, LLP**

By     */s/ Kathleen M. Hartman*
KATHLEEN M. HARTMAN
Attorneys for Plaintiff
**ERIN WISE**

DATED: January 22, 2013     **DAVIS WRIGHT TREMAINE LLP**

By     */s/ Jacob W. Daniels*
JACOB W. DANIELS
Attorneys for Defendant
**BANK OF AMERICA, N.A.**

**IT SO ORDERED:**

DATED: <u>January 29, 2013</u>

Hon. Robert N. Block
United States Magistrate Judge

**EXHIBIT A**

I, _____ declare:

1. I understand that I may receive or see documents that are marked as Confidential and that are subject to a protective order. I agree to keep such documents confidential and not disclose their contents and I will not copy or use the Confidential documents except for purposes of the lawsuit designated as Erin Wise v. Bank of America, N.A., Case No. SACV 11-00905 AG (RNBx).

2. At the conclusion of the above-described lawsuit, I will return to counsel for each party all Confidential documents which I received in this lawsuit.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this document is executed this _____ day of _____, 20___, at _____.

_____
(SIGN AND PRINT NAME)